# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ARLENA TIPPIE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-2702-STA-dkv |
| | ) | |
| TENNESSEE DEPARTMENT OF REVENUE, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT

Before the Court is Plaintiff's Motion to Set Aside the Judgment (D.E. # 28), filed on June 20, 2012. Defendant filed a Response (D.E. # 31) on June 26, 2012. For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff initially pled claims of harassment under state law, retaliation under state law, race and gender discrimination under federal law, negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), and hostile work environment. (Compl. at 4-7.) Defendant filed a Motion to Dismiss Plaintiff's state law claims (D.E. # 5) on January 12, 2011, which the Plaintiff failed to oppose and the Court granted (D.E. # 8) on March 31, 2011. Therefore, the only claims remaining before the Court at summary judgment were Plaintiff's race and gender discrimination claims under Title VII of the Civil Rights Act ("Title VII") and her hostile work environment claim. The Court issued an Order Granting Defendant's

1

Motion for Summary Judgment (D.E. # 26) on May 24, 2012, and the Court entered Judgment (D.E. # 27) on May 30, 2012. Plaintiff then filed the Motion now before the Court on June 20, 2012.

In her Motion, Plaintiff requests the Court to reconsider its ruling on the Motion for Summary Judgment under two standards: Federal Rule of Civil Procedure 60(a) and 60(b) ("Rule 60(a)" and "Rule 60(b)"). (Pl.'s Mot., D.E. # 28, at 2.) Her counsel, T. Edgar Davidson ("Davidson"), notes that he "inadvertently left the Affidavit of Arlena Tippie out of the Response." (*Id.*) Thus, Plaintiff contends that the Court should consider Plaintiff's Affidavit, set aside the judgment, and reconsider its ruling on the Motion for Summary Judgment. (*Id.*) Plaintiff relies on three bases for setting aside the judgment: Rule 60(a), Rule 60(b)(1)'s inadvertence requirement, and Rule 60(b)(1)'s excusable neglect standard. Plaintiff does not rely on Rule 60(b)(6); therefore, Plaintiff has not raised this separate and independent ground, and the Court will not consider it. Plaintiff cites no legal authority other than the Federal Rules of Civil Procedure in her Motion and does not address how the Court's consideration of Plaintiff's Affidavit would result in a different ruling on Defendant's Motion for Summary Judgment.

In response, Defendant argues that Rule 60(a) applies to mechanical errors committed by court staff and thus does not apply to Plaintiff's Counsel's failure to attach Plaintiff's Affidavit. (Def.'s Resp., D.E. # 31, at 1.) Further, Defendant submits that Plaintiff is not entitled to relief under Rule 60(b): Plaintiff cannot show that her Counsel's failure to attach her Affidavit was excusable neglect, and even if she could, her underlying claims are not meritorious. (*Id.* at 2-3.) Defendant submits that Plaintiff's Affidavit "is comprised of statements that appear to be

2

intended to create disputes of material facts." (*Id.* at 3.) Defendant then points out that "[m]any of the statements in her Affidavit . . . are either inconsistent or directly contrary to statements Defendant relied on and cited from Plaintiff's own deposition, sworn interrogatory responses, and prior testimony." (*Id.*) Because Plaintiff cannot create a question of fact with her own Affidavit, Defendant urges the Court not to consider it. (*Id.*) Finally, Defendant avers that even if the Court considers the Affidavit, its consideration would not affect the Court's ruling, as the Affidavit does not establish pretext or create a question of fact as to pretext. (*Id.*)

**STANDARD OF REVIEW**

Rule 60(a) provides as follows: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. . . . But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."[1] Although district courts have very wide latitude to correct clerical errors, clerical mistakes for Rule 60(a) purposes consist of "blunders of execution."[2] Mistakes that cannot be corrected under Rule 60(a) consist "of instances where the court *changes its mind* . . . ."[3] Rule 60(a) authorizes courts to correct errors that are mechanical in nature arising from oversight or omission. "Clerical mistakes include those made by judges as well as ministerial employees."[4] Stated differently, "a court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that

---

[1] Fed. R. Civ. P. 60(a).

[2] *Hart v. Lutz*, 102 F. App'x 10, 12 (6th Cir. 2004) (emphasis in original) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)).

[3] *Id.*

[4] *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

3

cause the judgment to fail to reflect what was intended at the time of trial.'"[5] Rule 60(a) is inapplicable to errors affecting the substantive rights of the parties; if such an error exists, it must be corrected under Rule 60(b).[6]

Rule 60(b) provides for relief from final judgment "on motion and just terms . . . for the following reasons: mistake, inadvertence, surprise, or excusable neglect."[7] To be granted relief under Rule 60(b)(1), the moving party must demonstrate two elements: "(1) the existence of mistake, inadvertence, surprise, or excusable neglect [and] (2) that he [or she] has a meritorious defense."[8] Notably, Rule 60(b) does not permit the losing party to try to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or additional proof.[9] "Mistake" in this context "encompasses any type of mistake or error on the part of the court, including judicial mistake as to applicable law."[10] Additionally, the Sixth Circuit has recognized that inadvertence does not arise when "the dismissal of the claim was the considered action of

---

[5] *Id.* at 440-41 (quoting *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)).

[6] *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363-64 (6th Cir. 1990).

[7] Fed. R. Civ. P. 60(b)(1), (6).

[8] *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 332 (6th Cir. 2003).

[9] *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

[10] *Soto v. Mineta*, No. 01-71244, 2008 WL 4428010, at *4 (E.D. Mich. Sept. 30, 2008).

the district court."¹¹ And "[i]t is well established that counsel's 'inadvertent mistake' and 'gross carelessness' are insufficient grounds for relief under Rule 60(b)(1)."¹²

Rule 60(b) does not define "excusable neglect," but the Sixth Circuit has identified five factors to aid district courts' equitable determinations of whether excusable neglect exists: "(1) the danger of prejudice to the other party; (2) the length of delay; (3) its potential impact on judicial proceedings; (4) the reason for the delay; and (5) whether the movant acted in good faith."¹³ Furthermore, "out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)."¹⁴ Additionally, the Court notes that Plaintiff's Motion cannot be construed as a Motion to Reconsider under Federal Rule of Civil Procedure 54(b) or Local Rule 7.3 because final judgment has been entered.¹⁵

## **ANALYSIS**

At the outset, the Court finds that Plaintiff cannot proceed under Rule 60(a). As discussed above, Rule 60(a) governs only clerical mistakes committed by judges and other

---

¹¹ *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

¹² *McCandless v. Countrywide Home Loans, Inc.*, No. 08-14195, 2009 WL 2447656, at *3 (E.D. Mich. Aug. 7, 2009) (quoting *FHC Equities v. MBL Life Assurance Corp.*, 188 F.3d 678, 685 (6th Cir. 1999)).

¹³ *Burnely*, 75 F. App'x at 333.

¹⁴ *McCurry* ex rel. *Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002).

¹⁵ *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

ministerial court staff. It does not reach Davidson's mistake in this case. Moreover, Davidson's failure could affect the substantive rights of his client; therefore, any relief Plaintiff seeks must arise from Rule 60(b). Finally, even if Davidson's mistake qualified as a "clerical mistake" under Rule 60(b), the Court could not correct it. Plaintiff's appeal has been docketed with the Sixth Circuit, and she has received an appellate case number. Davidson has failed to request the Sixth Circuit's leave to correct the judgment as required by Rule 60(a), and if he has done so, he did not state as such in the Motion. Thus, Plaintiff's reliance on Rule 60(a) is unavailing, and the Court turns to Rule 60(b).

Although Defendant frames its arguments around a three-part standard for granting relief from judgment—culpability, prejudice, and meritorious defense—the Court finds that this standard applies to motions for relief from default judgment, not a judgment issued after granting summary judgment as occurred here.[16] As such, the Court will apply the standards discussed above. The Court finds that Davidson's "inadvertent" failure to attach Plaintiff's Affidavit is not a "mistake" as contemplated by Rule 60(b)(1). Rule 60(b)(1) allows courts to correct mistakes of their own making, not those of attorneys practicing before them. Accordingly, the Court finds that it is not presented with a "mistake" meriting relief from judgment under Rule 60(b)(1).

Nor is the Court presented with an "inadvertence" meriting relief under Rule 60(b)(1). Davidson tries to justify his failure to attach Plaintiff's affidavit as a "filing error" which "potentially prejudiced Plaintiff."[17] He avers that he "inadvertently left the Affidavit" off of his

---

[16] *See Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

[17] (Pl.'s Mot., D.E. # 28, at 2.)

Response.[18]  The Court finds that this inadvertent failure to attach Plaintiff's Affidavit does not rise to the level of inadvertence necessary to set aside the judgment in this case.  Davidson does not explain how he failed to attach the Affidavit, why he failed to do so, or why he waited nearly twenty days after entry of judgment to file his Motion.  Indeed, judgment was not entered until six days after the Court entered its Order Granting Summary Judgment.  If Davidson had acted more quickly and filed a Motion to Reconsider, neither he nor his client would be in this position.[19]  In the absence of an explanation and citation to legal authority, Plaintiff's counsel's failure to file the Affidavit was not an inadvertence meriting relief under Rule 60(b)(1).

Finally, the Court turns to whether Davidson can satisfy the excusable neglect standard.  His failure to attach Plaintiff's Affidavit is no doubt neglect; thus, the question is whether the neglect is excusable.  The Court finds that Davidson's failure to attach the Affidavit is not excusable neglect.  First, Defendant prepared a properly supported Motion for Summary Judgment, supporting each of its Undisputed Facts with a citation to the record.  In contrast, Davidson did not attach Plaintiff's Affidavit, and although Plaintiff's Response to Defendant's Motion for Summary Judgment cited to portions of her Affidavit and deposition, Davidson did not present the court with many of the deposition pages upon which he relied at either summary judgment or in the instant Motion.  Moreover, Plaintiff has already filed an appeal.  Thus, Defendant would be prejudiced if the Court were to set aside the judgment.  Second, although Plaintiff's Motion is well-within Rule 60(b)(1)'s one-year statute of limitations, Plaintiff filed the Motion nearly twenty days after the Court entered judgment and almost one month after the

---

[18]  (*Id.*)

[19]  The Court expresses no opinion on the merits or potential result of such a motion.

Court granted summary judgment for Defendant. As such, this factor would weigh in favor of finding excusable neglect.

Third, setting aside the judgment would require the Court to reopen a closed case and the Sixth Circuit to vacate its appellate jurisdiction so that Plaintiff could file any relevant motions. Thus, granting Plaintiff's Motion would have a large impact on the judicial proceedings. Fourth, Davidson has provided no reason other than his own oversight for failing to file the Affidavit or delaying the filing of the Motion currently before the Court. Fifth, absent evidence to the contrary, the Court finds that Davidson acted in good faith in preparing the instant Motion. Accordingly, after weighing these five factors, the Court finds that Davidson's neglect is not excusable. He has provided no justification or explanation for his failure or delay, and Defendant would be prejudiced if the Court were to set aside the judgment. Thus, the Court would deny Plaintiff's Motion for failing to satisfy the first element of her required showing.

The Court notes that Davidson did not cite any case law in the Motion, nor did he explain how or why he inadvertently failed to attach Plaintiff's Affidavit. Davidson's failure to provide all of the documents he failed to attach at summary judgment further troubles the Court. Although the Court's Order repeatedly pointed out that Davidson had failed to provide record evidence supporting his assertions, Davidson has based this Motion on his inadvertent failure to attach Plaintiff's Affidavit. He makes absolutely no mention of his continued failure to attach the pages of Plaintiff's deposition upon which he relied at summary judgment, and those pages remain missing from the record today just as they were at summary judgment. This failure is

particularly disconcerting given the Sixth Circuit's prohibition against attempting to create a genuine issue of fact by submitting an Affidavit in conflict with deposition testimony.[20]

Even if Plaintiff's situation qualified as a mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), the Court finds that Plaintiff would not have a meritorious defense. Here, her Affidavit was notarized on April 19, 2012, the same day Plaintiff's Response was due after she received three due date extensions. The Court cannot readily evaluate whether Plaintiff's Affidavit merely supplements or instead impermissibly contradicts her deposition testimony. Additionally, the Court refuses to hold Defendant responsible for failing to provide Plaintiff's deposition in its entirety: Defendant was only required to provide the deposition excerpts upon which it relied in its summary judgment Motion, and it did so.

Accordingly, the Court finds that Plaintiff has not demonstrated mistake, inadvertence, or excusable neglect. Even if she had done so, her defense would not be meritorious. Therefore, Plaintiff's Motion to Set Aside the Judgment is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                             **s/ S. Thomas Anderson**
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: July 25, 2012.

---

[20] *See Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).